## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**KEITH LAMONT LEE**                                                                                 **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 2:18-CV-90-KS-MTP**

**CITY OF HATTIESBURG,** *et al.*                                                        **DEFENDANTS**

### ORDER

On November 5, 2020, Defendants filed a Motion to Strike [86] supplemental discovery responses served by Plaintiff. Defendants argue that the supplement was untimely, and that the Court should strike it. The late supplement added two specific witnesses, T. Michael Reed and Jack Denton. It also incorporated "[a]ny individuals listed by Arthur Jones in his responses to discovery," in the case of *Jones v. City of Hattiesburg*, No. 2:18-CV-84-KS-MTP (S.D. Miss.).

Rule 26 requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to supports its claims or defenses, unless the use would be solely for impeachment . . . ." FED. R. CIV. P. 26(a)(1)(A)(i).

"A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management

order." L.U.Civ.R. 26(a)(2). Moreover, any supplements to the disclosures must be made "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). "Unless the court orders otherwise," pretrial disclosures must be made at least thirty days before trial. FED. R. CIV. P. 26(a)(3). Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U.Civ.R. 26(a)(5).

Plaintiff admits that the supplemental discovery response was untimely. "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike a witness's testimony for a party's failure to disclose it, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

The Court assumes that the witnesses' testimony is of at least moderate importance, given the witnesses' positions and involvement in the local government

and courts. Plaintiff's counsel simply forgot to include one witness, Michael Reed, in initial disclosures and interrogatory responses. He claims that he did not know the other witness, Jack Denton, had discoverable information until November 4, 2020.

The Court will assume that Defendants would be prejudiced by allowing Reed and Denton to testify. However, the prejudice can be easily mitigated by permitting Defendants to depose them.

As for the incorporated "individuals listed by Arthur J. Jones, Jr. in his responses to discovery," the Court finds that Defendants were not prejudiced if they were otherwise made aware of those unspecified witnesses' identities in the *Jones* case. Moreover, the Court cannot assess the importance of testimony by unspecified witnesses.

Therefore, the Court **denies** Defendants' Motion to Strike [86]. Defendants may depose T. Michael Reed and Jack Denton, but the depositions must occur on or before **January 15, 2021**.

SO ORDERED AND ADJUDGED this 1st day of December, 2020.

      /s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE